# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| **DONALD EUGENE SWANSON, Jr.,** ) | **Case No. 06-00968-TLM** |
| **fdba Wicked Designs Custom Auto,** ) | |
| **fdba Wicked Designs Custom** ) | |
| **Imports,** ) | |
| ) | |
| Debtor. ) | **MEMORANDUM OF DECISION** |
| ) | |
| _____ ) | |

## BACKGROUND AND FACTS

On August 11, 2006 at 1:21 p.m. (MDT), Donald Swanson ("Debtor") filed a voluntary chapter 13 bankruptcy petition. *See* Doc. No. 1 at notice of bankruptcy case filing. Bernie Rakozy was appointed chapter 13 trustee in Debtor's case.

In the Trustee's recommendations concerning confirmation of Debtor's chapter 13 plan, Trustee objected to Debtor's eligibility to be a debtor under § 109(h).[1] *See* Doc. Nos. 24 and 31. Trustee notes that the certificate of credit

---

[1] All citations herein are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005) ("BAPCPA"), since this case was filed after BAPCPA's October 17, 2005, effective date.

MEMORANDUM OF DECISION - 1

counseling filed by Debtor, Doc. No. 7, shows that he received credit briefing from Debt Reduction Services, Inc. at 8:28 a.m. (MDT),[2] on the day his petition was filed. The parties disagree on whether such "same day" credit briefing meets the eligibility requirements of § 109(h). The question was submitted on oral argument and briefs. This Decision constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052, 9014.

**DISCUSSION AND DISPOSITION**

Section 109(h)(1) requires, as a condition of eligibility for any individual[3] to file a petition for bankruptcy relief under any chapter of Title 11, that the individual receive an individual or group briefing from an approved nonprofit budget and credit counseling agency. This provision specifically states that such briefing must occur "during the 180-day period preceding the date of filing of the petition[.]" Section 109(h)(1)'s new threshold requirement for obtaining bankruptcy relief is mandatory (*i.e.*, "an individual may not be a debtor unless . . ..").

This case involves one of several challenging issues of construction of

---

[2] The certificate states Debtor's credit briefing was received at 8:28 a.m. MST, however, the Court takes judicial notice of the fact that Idaho was observing daylight savings in August, thus the time would be Mountain Daylight Time rather then Mountain Standard Time. *See* Fed. R. Evid. 201.

[3] By its terms, the credit counseling provision of § 109(h)(1) applies only to debtors who are individuals. *See also* § 101(13) (defining "debtor"), § 101(41) (defining "person").

MEMORANDUM OF DECISION - 2

BAPCPA's § 109(h). The parties agree that Debtor received a credit briefing prior to, but on the same day, he filed his bankruptcy petition. The parties disagree as to whether such a "same day" briefing satisfies the § 109(h) requirement that the credit briefing be received "preceding the date of filing the petition."

Several bankruptcy courts have weighed in on the subject, leading to a distinct split of opinion. *Compare In re Cole*, 347 B.R. 70 (Bankr. E.D. Tenn. 2006) (determining credit briefing received the same day, but prior to filing a bankruptcy petition was not sufficient to meet the requirements of § 109(h)), *with In re Hudson*, ___ B.R. ___, 2006 WL 2689699 (Bankr. D. Md. 2006) (determining that credit briefing provided on the same day but prior to filing a bankruptcy petition was sufficient to satisfy the requirements of § 109(h)).

Cases such as *Cole* and *In re Mills,* 341 B.R. 106, 108 (Bankr. D.C. 2006), conclude that the term "date of filing" means simply the day, month and year of filing. To give meaning to what they view as the plain language of the Code, they hold the credit briefing must be obtained not later than the calendar day before the day on which filing occurs.

On the other side are cases such as *In re Warren*, 339 B.R. 475, 479 (Bankr. E.D. Ark. 2006), *Hudson*, and *In re Spears*, __ B.R. __, 2006 WL 3017364 (Bankr. E.D. Wis. 2006). *Warren* held that "in some instances . . . 'date' refers not only to a specific calendar day but also to a specific time on that day."

MEMORANDUM OF DECISION - 3

As *Warren* cogently notes, "[i]n bankruptcy, the exact time of filing is a critical bright line[.]"  339 B.R. at 480.  In addition to *Warren*'s analysis, *Hudson* cites to several instances in which the term "date of filing" is used within the Code to refer to a specific time of day.  *See Hudson*, 2006 W.L. 2689699 at *2-*3 (referring to § 348(f)(1)(A), § 547(b)(4)(A), and § 549(a)(1)).  These cases demonstrate that "date" and "day" as used in the Code are not always synonymous.

Thus, the courts that have analyzed the meaning of the term "date of filing" found within § 109(h) have come to two divergent conclusions.  Given this Court's respect for the careful analysis in each of these decisions, it would appear the term "date of filing" in § 109(h) has two plausible meanings.

The legislative history does not help much as it "do[es] not suggest a position one way or the other with respect to the language of timing contained within § 109(h)."  *Mills*, 341 B.R. at 109.  The House Report dealing with § 109(h) merely reflects that the credit briefing was intended to occur prior to filing.[4]  The report does not specify if a one-day waiting period was intended.  The legislative history cannot be read as clear support for either Debtor's or Trustee's position.  *But see Warren*, 339 B.R. at 480 ("Nothing in the legislative history suggests that Congress contemplated at least a one-day waiting period[.]").

Congress did articulate a general goal behind the credit briefing

---

[4] *See* H.R.Rep. No. 109-31 at 54 (2005)

MEMORANDUM OF DECISION - 4

requirement:

> [t]he legislation's credit counseling provisions are intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy – such as the potentially devastating effect it can have on their credit rating – before they decide to file for bankruptcy relief.

H.R.Rep. No. 109-31 at 18 (2005). It is important to keep in mind this general goal because when interpreting legislation, it has

> long [been] held that however helpful . . . rules of construction may be, the courts will . . . "construe the details of an act in conformity with its dominating general purpose, will read text in the light of context and will interpret the text so far as the meaning of the words fairly permits so as to carry out in particular cases the generally expressed legislative policy."

*Clark v. Capital Credit & Collection Serv. Inc.,* 460 F.3d 1162, 1169 (9th Cir. 2006) (quoting *Matheson v. Armbrust*, 284 F.2d 670, 674 (9th Cir. 1960)).

This Court, like the courts in *Hudson* and *Spears*, cannot see how reading the Code to require a one-day waiting period to file Debtor's petition could further Congress' stated purpose in enacting the legislation. As *Spears* notes, "[i]f a debtor has a credit briefing ten minutes before filing her petition, and is convinced by the counselor that she should not file, then she will not file. The fact that she got the briefing hours, rather than days, prior to filing will not impact that decision significantly." *In re Spears*, __ B.R. __, 2006 WL 3017364 at *4 (Bankr. E.D. Wis. 2006).

Moreover, such a one-day waiting period makes little sense in light of the

MEMORANDUM OF DECISION - 5

electronic world we live in. As *Hudson* notes, "Bankruptcy petitions may now be filed electronically 24 hours each day, seven days each week. Credit counseling may be obtained on-line. There simply is no filing delay that can be enforced fairly." 2006 W.L. 2689699 at *5. In other words, if the Court were to require a calendar day to separate the pre-bankruptcy credit briefing and the filing, a debtor could still obtain credit briefing late in the evening on day one and his attorney could file his petition early in the morning on day two, a period of time of perhaps mere hours.

## CONCLUSION

After reviewing and carefully considering all the authorities, this Court agrees with *Warren* and cases such as *Hudson* and *Spears* that follow it. The term "date of filing" as found in § 109(h) refers to the specific calendar day *and time* the petition was filed. To conclude otherwise would create obstacles for debtors where none are necessary to further the goals articulated by Congress. Here, the credit briefing Debtor obtained prior to filing but on the same day he filed his bankruptcy petition complied with § 109(h). Trustee's objection regarding Debtor's eligibility will be overruled. The case will proceed in regular course to a consideration of confirmation of Debtor's proposed chapter 13 plan.

A separate order will be entered.

DATED: December 21, 2006



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 7